IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00008-KDB

| | |
|---|---|
| VAL CRAIG,<br><br>    **Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Val Craig's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 11). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying his application for disability benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

### I. PROCEDURAL BACKGROUND

On May 14, 2020, Plaintiff filed an application for a period of disability and disability income benefits, alleging disability beginning June 24, 2015, which was later amended to February 21, 2019. Further, due to a previous denial from the same ALJ with res judicata effect, the relevant

1

time period is November 6, 2018 forward. (Tr. 76). The claim was denied initially and upon reconsideration. (Tr. 15). Following that denial, Plaintiff filed a written request for a hearing and ALJ Benjamin McMillion (the "ALJ") held a telephone hearing on December 21, 2020, at which Plaintiff, his attorney and a vocational expert appeared. (*Id*.). On January 29, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-24). The Appeals Council denied review of the ALJ's decision, (Tr. 1-6) and Plaintiff now timely seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process ("SEP") established by the Social Security Administration to determine if Mr. Craig was disabled under the law during the relevant period.[1] At step one, the ALJ found that Mr. Craig had not engaged in substantial gainful activity ("SGA") since his alleged onset date and at step two that he had several medically determinable and severe impairments: rheumatoid arthritis; degenerative lumbar arthritis; bilateral foot neuropathy; bilateral carpal tunnel syndrome; and depressive disorder. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (Tr. 18).

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Mr. Craig would have the residual functional capacity (RFC):

> … to perform light work as defined in 20 CFR 404.1567(b) except: occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to hazards; frequently perform handling and fingering of objects with the bilateral upper extremities; frequently push and pull with the lower extremities; and limited to unskilled work of a routine and repetitive nature.…

(Tr. 19). Using this RFC, the ALJ found at step four that Plaintiff was unable to perform his past relevant work as a truck driver, (Tr. 22), but concluded at step five that given Plaintiff's age, education, work experience and RFC that there are jobs that exist in significant numbers in the national economy that he could perform, including "Routing Clerk," "Price Marker" and "Assembler." (Tr. 23). Thus, the ALJ determined that he was not disabled under the Act during the relevant period. (Tr. 24).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. ––––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual

3

determinations." *Id*. at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

4

ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. Id. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed,

## IV. DISCUSSION

Plaintiff makes numerous arguments that the ALJ's conclusion that he is not disabled is not supported by substantial evidence and that the ALJ failed to "build an accurate and logical bridge" from the evidence in the record to his unfavorable conclusion. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Plaintiff also raises a constitutional challenge to the ALJ's appointment. Although the Court does not reach here the constitutional issue[3] or all of Plaintiff's criticisms of the ALJ's decision and does not suggest by this remand whether Plaintiff should ultimately be found to have been disabled during the relevant period, at least one alleged deficiency in the ALJ's opinion raises sufficient questions that the Court believes the case should be remanded so that the ALJ may reconsider his decision.

---

[3] However, the Court notes that is has recently and repeatedly found Plaintiff's constitutional argument that the ALJ's appointment violates the Appointments Clause to be meritless. See, e.g., *Black v. Kijakazi*, No. 1:21-CV-322-KDB, 2022 WL 2977340, at *3 (W.D.N.C. July 27, 2022) (finding that acting Commissioner Berryhill was validly serving under the Federal Vacancies Reform Act).

Specifically, the Court agrees with Plaintiff's contention that the ALJ's failure in his opinion to even discuss the sedating effects of Mr. Craig's medications requires a remand. Mr. Craig testified that his nerve medications, which he takes daily, make him really sleepy and drowsy. Tr. 39. The record reflects that Mr. Craig complained of the sedating effects of his medications to his providers on multiple occasions and that he reported these sedating effects in his application for disability benefits. Medical records as far back as his June 2016 evaluation with his neurologist reflect that his nerve medications rendered him drowsy and sleepy. *See, e.g.*, Tr. 389. Also, records in June of 2019 reflect that his medications "made [him] very sleepy." Tr. 320. His 2020 records also document that he felt tired and with poor energy several days to nearly every day per week and that his medications made him feel hung over in the morning. *See, e.g.*, Tr. 591, 606. Finally, in the hearing with the ALJ Plaintiff testified that he is prone to dozing off during the day and spends the majority of the day lying in bed or in his recliner. (Tr. 45).[4] Unsurprisingly, the Vocational Expert ("VE") testified that if Plaintiff were in a reclined position for a majority of the day, he would be unable to perform the jobs cited at Step Five of the SEP. (Tr. 49-50).

The ALJ did not address this issue in the RFC or elsewhere in his decision. However, because side effects of medication can impair an individual's ability to function just as the medical conditions themselves, the law requires ALJs to consider their effects in the RFC. See 20 C.F.R. § 404.1529(c)(3). As the Fourth Circuit has explained:

> … Benfield testified that his oxycodone prescription, which he takes three times each day, makes him so drowsy that he has to lie down for 20 to 30 minutes each time he takes it. In response, the ALJ stated only that this claim was inconsistent with the record and that, even if it were consistent, the RFC accounts for it by precluding jobs that require exposure to unprotected heights. The ALJ did not explain why the claim is inconsistent with the record or how a prohibition against

---

[4] The ALJ noted that Mr. Craig's "activities of daily living" as described in the ALJ's opinion may be inconsistent with his testimony concerning his limitations, (Tr. 18); however, the opinion does not address the specific issue of the side effects of Plaintiff's medications.

6

> unprotected heights accounts for Benfield's alleged need to lie down multiple times a day. Thus, because the ALJ's assessment does not include a narrative discussion of how the evidence supports her conclusions, we are unable to meaningfully review this issue.

*Benfield v. Saul*, 827 Fed. App'x 297, 300-01 (4th Cir. Sept. 24, 2020). Therefore, the ALJ's failure to discuss Mr. Craig's testimony regarding his medication side effects and need to lie down was error. Plainly, unless Mr. Craig's testimony that he had to lie down a majority of the day due to drowsiness or fatigue is found not to be not credible or at least inconsistent with the record (all things considered) then he would not be able to perform the jobs the ALJ identified at Step Five of the SEP. Accordingly, this case should be remanded to allow the ALJ to reconsider the sedating effect of Mr. Craig's medications and either account for any such effect in Mr. Craig's RFC or explain why no modification to the RFC is necessary.

In finding that this action should be remanded to the Commissioner for further proceedings in accordance with this Order, the Court does not reach any of the other issues raised by Plaintiff, which should, nevertheless, be carefully considered on remand. And, by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Craig's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 11) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 22, 2022

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).